UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-00015-JEO |
| ) | |
| OAK GROVE RESOURCES, LLC, ) | |
| OAK GROVE MINE, HUEYTOWN, ) | |
| ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

In this action, originally filed in Alabama state court, plaintiff Anthony Harris seeks enforcement of an arbitration award (the "Award") rendered under a collective bargaining agreement between his union, the United Mine Workers of America (the "Union"), and his employer, defendant Oak Grove Resources, LLC ("Oak Grove"). The Award sustained the Union's grievance over Oak Grove's discharge of Harris. Harris contends that Oak Grove has failed to negotiate the amount of back pay he is entitled to receive under the Award. He seeks a judgment against Oak Grove or, in the alternative, an order directing the parties to engage in good faith negotiations over the amount of his back pay.

After Harris filed this action in Alabama state court, Oak Grove timely removed the action to this court. The action is now before the court on two

motions: Oak Grove's motion to dismiss the Complaint (Doc. 2), and Harris's motion to remand the action to state court (Doc. 8).[1]  Both motions have been fully briefed and are ripe for decision.  Upon consideration, the court concludes that Harris's motion to remand is due to be denied and that Oak Grove's motion to dismiss is due to be granted.

## I.     FACTS AND PROCEDURAL HISTORY[2]

In May 2013, Oak Grove discharged Harris for missing work on April 5 and 6, 2012, without the consent of management.[3]  Harris asserted that he had been unable to work on those two days due to a back injury, and the Union filed a grievance on his behalf.  The grievance was referred to "regular arbitration" in accordance with the terms of the Coal Wage Agreement between the Union and Oak Grove.  The Coal Wage Agreement is a collective bargaining agreement.

The arbitration was held on June 21, 2013.  The arbitrator issued his Opinion and Award on November 15, 2013, sustaining the grievance and awarding Harris reinstatement and restoration of his seniority.  The arbitrator also awarded Harris

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

[2] All facts are taken from Harris's Complaint and the Award, which is attached as an exhibit to the Complaint. The Complaint is located at Doc. 1, pages 20-24, and the Award is located at Doc. 1, pages 26-45.

[3] It appears that Harris was out of work from April 5, 2012, through April 30, 2013, when he attempted to return to work. His discharge, however, was based solely on his absences on April 5 and 6, 2012.

"all wages and monetary benefits that he would have received for the period from May 15, 2012 [sic] to the date of his reinstatement if he had not been suspended or discharged, in accordance with Article XXIV, Section (f)" of the Coal Wage Agreement.[4]  (Award at 20).  The arbitrator directed the parties "to enter into negotiations as soon as practicable over the amount of back pay which is due to be paid in order to comply with this Award, and to exert their best efforts to reach an agreement on that issue."  (*Id.*)  The arbitrator retained jurisdiction over the matter "for the purpose of resolving any disputes regarding the Award, including but not limited to disputes over the amount of back pay which has been awarded, that the parties are unable to resolve between themselves during the next ninety days (i.e. until February 15, 2014)."  (*Id.*)

According to Harris, he attempted to initiate negotiations with Oak Grove regarding his back pay, but got no response from Oak Grove.  Instead, on February 28, 2014 (more than 90 days after the date of the Award), Oak Grove issued him a check in the amount of $22,544.42, with no explanation as to how the amount was calculated.  Harris accepted the check, but only as a partial payment of the amount he claims he would have accepted following a reasonable negotiation with Oak

---

[4] Article XXIV, Section (f), of the Coal Wage Agreement provides in relevant part: "In all cases in which it is determined that just cause for discharge has not been established, the Employee shall be reinstated and compensated for lost earnings at his applicable straight and premium time rates prior to discharge. …" (Award at 3).

Grove. He asserts that he did not accept the check as a full payment of what he is owed in back pay.

On December 3, 2015, Harris filed this action against Oak Grove in the Circuit Court of Jefferson County, Alabama. He did not include the Union as a party. In his Complaint, he alleges that he has "exhausted all reasonable means of complying with the Award" and has "attempt[ed] to engage Oak Grove … to negotiate, in good faith, the amount of back pay due him." (Complaint at 4). He requests a judgment against Oak Grove in the amount of $75,000 or, in the alternative, an order directing the parties to engage in good faith negotiations. (*Id.*)

Oak Grove removed the action to this court (Doc. 1) and then filed a motion to dismiss (Doc. 2). Harris, in turn, filed a motion to remand the case to the Jefferson County Circuit Court. (Doc. 8). Both motions are now before the court.

## II.   DISCUSSION

In its notice of removal, Oak Grove asserts that this court has federal question jurisdiction over this action "because the collective bargaining agreement referred to, relied upon and made the basis of [Harris's] complaint raises a federal question under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, *et seq.*[5] and/or is subject to National Labor Relations Act (the

---

[5] Section 301 of the LMRA provides in relevant part:

"NLRA")/*Garmon* preemption."[6]  (Doc. 1 ¶ 11).  Oak Grove argues that Harris's claim "for failure to negotiate and seeking to enforce an arbitration award issued pursuant to a collective bargaining agreement is subject to 'complete preemption' under the LMRA and/or subject to NLRA/*Garmon* preemption."  (*Id.* ¶ 12).  Oak Grove then argues in its motion to dismiss that the Complaint should be dismissed because it was filed outside the statute of limitations for actions under section 301 of the LMRA and outside the statute of limitations under the NLRA.  (Doc. 2).

In his opposition to the motion to dismiss, Harris concedes that Oak Gove would have a "valid argument" that his claim is untimely if it fell under federal law.  (Doc. 6 at 2).  He argues, however, that his claim does not fall under federal law.  In both his opposition to the motion to dismiss and his motion to remand, Harris insists that he is simply seeking to enforce an arbitration award and is not claiming that the Award should be confirmed, vacated, or amended; not claiming that Oak Grove (or the Union) breached the collective bargaining agreement; not

---

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

[6] *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959).  In *Garmon*, the Supreme Court held that "[w]hen it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield."  *Id.* at 244.

claiming that the Union breached its duty of fair representation; and not claiming that there have been any unfair labor practices. (Docs. 6 & 8). He argues, therefore, that his claim is not preempted by section 301 of the LMRA or by the NLRA and that this action should be remanded for lack of subject matter jurisdiction.

Because subject matter jurisdiction is a threshold issue, and because Harris has effectively conceded that this action is due to be dismissed if his claim is preempted, the court will first address Harris's motion to remand. The court will then consider Oak Grove's motion to dismiss.

## A.     Motion to Remand

As noted above, Oak Grove argues that Harris's claim for enforcement of the Award is completely preempted by section 301 of the LMRA. In the alternative, Oak Grove argues that the claim is subject to NLRA/*Garmon* preemption. Harris argues that neither section 301 of the LMRA nor the NLRA preempts his claim and that the case should be remanded. Having considered both parties' arguments and the relevant authority, the court concludes that Harris's claim is preempted by section 301 of the LMRA and that the court has jurisdiction over the case.[7]

---

[7] Because the court has determined that Harris's claim is preempted by section 301 of the LMRA, the court pretermits any discussion of Oak Grove's alternative argument that the claim is also subject to NLRB/*Garmon* preemption.

In a case with closely analogous facts, the Eleventh Circuit held that an employee's claim for enforcement of an arbitration award rendered under a collective bargaining agreement was preempted by section 301(a) of the LMRA. In *Samples v. Ryder Truck Lines, Inc.*, 755 F.2d 881(11th Cir. 1985), Richard Samples was employed by Ryder Truck Lines under a contract negotiated by his union. Ryder terminated Samples for alleged dishonesty, and Samples filed a grievance pursuant to the terms of the collective bargaining agreement. An arbitration panel rendered a decision that Samples claimed entitled him to reinstatement. Ryder did not reinstate him, however, and Samples filed suit for reinstatement in state court. Ryder removed the action to federal court on the ground that Samples's claim arose under the collective bargaining agreement and was governed by section 301(a) of the LMRA. The district court agreed, took jurisdiction of the case, and then found that the case was barred under the applicable statute of limitations. Samples appealed.

Samples argued that he had a "simple state law claim" and that his action could be viewed either as an attempt to "'enforce the written contract of employment with his former employer'" or as a "'straightforward state court action to enforce an arbitration award.'" *Id.* at 884. The Eleventh Circuit held that Samples's characterizations of his claim were precluded by "a long line of Supreme Court cases" establishing that "where an otherwise valid state law

7

overlaps with section 301(a), the state law is usually preempted." *Id.* The Eleventh Circuit stated:

> The Supreme Court has observed that "the subject matter of § 301(a) 'is peculiarly one that calls for uniform law.' ... The possibility that individual contract terms may have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers v. Lucas Flour Co.,* 369 U.S. 95, 103, 82 S. Ct. 571, 576–77, 7 L.Ed.2d 593 (1962) (citations omitted) (quoting *Pennsylvania Railroad Co. v. Public Service Commission,* 250 U.S. 566, 569, 40 S. Ct. 36, 37, 64 L. Ed. 1142 (1919)). *See also Republic Steel Corp. v. Maddox,* 379 U.S. 650, 653, 85 S. Ct. 614, 616, 13 L.Ed.2d 580 (1965). The Court most recently restated the scope of preemption under the NLRA in *Local 926, International Union of Operating Engineers v. Jones,* 460 U.S. 669, 674–78, 103 S. Ct. 1453, 1458–59, 75 L. Ed. 2d 368 (1983), where it noted that if the conduct at issue "is actually or arguably protected or prohibited by the NLRA ... state law and procedures are ordinarily preempted." The Court added that exceptions are proper only where the issue "is only a peripheral concern of the Act or touches on interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, it could not be inferred that Congress intended to deprive the state of the power to act." *Id.* at 676, 103 S. Ct. at 1459.

*Samples*, 755 F.2d at 844. The Eleventh Circuit then held:

> *Jones* requires a finding of preemption here. First, as this circuit has already held in *Diaz v. Schwerman Trucking Co.,* 709 F.2d 1371 (11th Cir.1983), ***a suit to enforce a favorable arbitration award is a section 301 claim.*** The character of such a claim further compels a finding that only federal law should apply. The danger that incompatible state law may disrupt the collective bargaining process is no less likely for suits to enforce arbitration than for any other attempt to force compliance with the terms of the collectively bargained grievance procedure. In addition, there is little likelihood that federal preemption will constitute undue interference with rights "rooted in local feeling." Samples' claim owes its existence not to the

> workings of state contract or arbitration law, but rather to the workings of the complex regulatory scheme embodied in the NLRA. For these reasons, we find that Samples' potential state law claims have been preempted by section 301(a) of the LMRA.

*Samples*, 755 F.2d at 844-45 (emphasis added).

After determining that Samples's action was governed by section 301 of the LMRA, the Eleventh Circuit then analyzed whether the action was "(1) a 'straightforward' section 301 claim, which Samples can assert directly in his capacity as an individual employee harmed by his employer's breach of the collective bargaining agreement …; or (2) a 'hybrid section 301/fair representation claim,' which he can only assert individually if he alleges additionally that his union breached its duty of fair representation in failing to prosecute his claim …." *Id.* at 845. The Eleventh Circuit determined that "where a collective bargaining agreement specifies an arbitration procedure in which the union functions as the individual's exclusive representative, the individual's potential right of action to enforce the arbitration award under section 301 is presumed to have been delegated to the union …." *Id.* at 886-87. The court concluded that Samples's right to bring such a "hybrid" claim was "contingent on a showing that his union's failure to do so amounted to inadequate representation …." *Id.* at 887. The court expressly noted, however, that "[t]his does not mean that Samples would be required to sue his union; he need only allege, and eventually show, inadequate representation." *Id.* at 887 n.5.

9

Other Eleventh Circuit decisions have also confirmed that suits to enforce arbitration awards rendered under collective bargaining agreements are governed by section 301 of the LMRA. *See Bakery, Confectionary and Tobacco Workers Local Union No. 362-T, AFL-CIO-CLC v. Brown and Williamson Tobacco Corp.*, 971 F.2d 652, 654 (11th Cir. 1992) (holding that a union's suit to enforce an arbitration award was properly filed under section 301 of the LMRA); *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Service Workers Int'l Union AFL-CIO-CLC*, 642 F.3d 1344, 1349 (11th Cir. 2011) ("An arbitration award pursuant to an arbitration provision in a collective bargaining agreement is treated as one that can be enforced through a § 301 lawsuit.").

Here, as in *Samples*, Harris is seeking to enforce the terms of a favorable arbitration award rendered pursuant to a collective bargaining agreement between his union and his employer.  As a consequence, his suit is governed by section 301 of the LMRA and his state law claim is completely preempted.

In an effort to avoid section 301 preemption, Harris cites *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988), in which the Supreme Court held that "an application of state law is pre-empted by § 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective-bargaining agreement."  Harris argues that his state law claim for enforcement of the Award is not preempted because this court "has

no need to consult the collective bargaining agreement nor construct any of its terms or the terms of the … Award in order for the parties to enter into negotiations." (Doc. 8 at 5). The court disagrees.

The court first notes that *Lingle* did not involve the enforcement of an arbitration award. In *Lingle*, an employee was discharged for allegedly filing a false claim under the workers' compensation laws of Illinois. The employee's union filed a grievance pursuant to the governing collective bargaining agreement, and an arbitrator ultimately ruled in the employee's favor and ordered her reinstatement. Meanwhile, the employee filed a separate state court action alleging that she had been discharged for exercising her workers' compensation rights. *Lingle*, 486 U.S. at 401-402. The Supreme Court held that "the state-law remedy in this case is 'independent' of the collective-bargaining agreement" and that the employee's retaliatory discharge claim was not preempted by § 301of the LMRA. *Id.* at 410. Enforcement of the arbitration award was not at issue.

Here, in contrast, Harris is not seeking to pursue a state law remedy that is independent from the collective bargaining agreement. Rather, he is seeking to enforce an arbitration award that was issued pursuant to—and dependent upon—the collective bargaining agreement. Harris's grievance was filed pursuant to the collective bargaining agreement between Oak Grove and the Union; the grievance was referred to arbitration pursuant to the collective bargaining agreement; the

arbitrator's decision was based on his interpretation of the collective bargaining agreement; and the award of back pay was expressly issued "in accordance with Article XXIV, Section (f)" of the collective bargaining agreement.  Eleventh Circuit precedent is clear: a claim to enforce such an award is a section 301 claim.

While Harris is correct that his claim for enforcement of the Award may not require construction of any of the specific terms of the collective bargaining agreement (at least not at this time), it does require construction of the terms of the Award, specifically the provision of the Award directing the parties to negotiate the back pay he is entitled to receive under the collective bargaining agreement. Moreover, the collective bargaining agreement gave rise to the Union's challenge to Harris's discharge and established the framework for resolving his grievance. As the Sixth Circuit explained in a case involving a state law claim for breach of a settlement agreement reached during a grievance procedure:

> We are faced with a state law claim for breach of a settlement agreement.  This agreement was arrived at by virtue of a grievance process established by a collective bargaining agreement, signed only by the parties engaged in collective bargaining, and promised reinstatement to a job whose terms and conditions are created by and subject to a collective bargaining agreement.  The resolution of this claim will not involve the direct interpretation of a precise term of the CBA, but it will require a court to address relationships that have been created through the collective bargaining process and to mediate a dispute founded upon rights created by a CBA.  Does this process require an "interpretation of the terms" of a CBA triggering § 301 pre-emption?  The district court answered this question in the affirmative, and we agree.

Harris also argues that section 301 of the LMRA does not apply because he has not alleged that Oak Grove breached the collective bargaining agreement and has not alleged that the Union breached its duty of fair representation. He thus argues that his claim cannot be considered either a "straightforward" LMRA claim or a "hybrid" LMRA claim. (Doc. 8 at 2-4). This very issue, however, was resolved by the Eleventh Circuit in *Samples*. As discussed above, the Eleventh Circuit held that where, as here, a collective bargaining agreement specifies an arbitration procedure for resolving grievances, the job of asserting an action to enforce an arbitration award is presumed to have been delegated to the union, and an employee's right to bring such an action on his own is contingent on a showing that the union's failure to prosecute the action amounted to inadequate representation. *Samples*, 755 F.2d at 886-87. The Eleventh Circuit noted that an employee bringing such a "hybrid" claim is not required to sue his union, but must simply allege, and ultimately show, inadequate representation. *Id.* at 887 n.5. The Eleventh Circuit then proceeded to analyze whether Samples's claim was barred by the statute of limitations governing LMRA suits, even though Samples had not sued his union or alleged any breach of the union's duty of fair representation. The court explained that it was reaching the statute of limitations issue because, on

remand, Samples would be able to amend his complaint to make the "necessary allegations as to his union's breach of its duty of fair representation." *Id.* at 887 n.6.

Here, similarly, Harris has not sued the Union or alleged that the Union breached its duty of fair representation by failing to prosecute his claim for enforcement of the Award. Nonetheless, as the Eleventh Circuit held in *Samples*, his claim for enforcement of the Award is a hybrid section 301 claim; he was not required to sue the Union, and he could (if given leave) amend his complaint to make the necessary allegations regarding the Union's breach of its duty of fair representation.

Based on the foregoing, the court concludes that Harris's claim for enforcement of the Award is governed by section 301 of the LMRA and that his state law claim is preempted by the LMRA. Accordingly, Oak Grove properly removed the action to this court, and Harris's motion to remand is due to be denied.

**B.  Motion to Dismiss**

Having determined that Harris's claim is governed by section 301 of the LMRA, the court turns to Oak Grove's argument that the claim is barred by the statute of limitations for LMRA claims. In *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S.C. 151, 169-72 (1983), the Supreme Court held that the six-

month limitation period in section 10(b) of the NLRA applies to "hybrid" claims under section 301 of the LMRA. Relying on *DelCostello*, the Eleventh Circuit held in *Samples* that an employee has six months from the time a hybrid section 301 claim accrues to assert the claim. *Samples*, 755 F.2d at 887. The Eleventh Circuit further held that "the employee's cause of action accrues at the latest when his union's time for asserting the claim has run out" and that "the union's cause of action would be characterized as a straightforward section 301 claim." *Id.* at 887-88. "Under Alabama law the statute of limitations for a straightforward § 301 suit … is six months." *Aluminum Brick and Glass Workers Int'l Union v. AAA Plumbing Pottery Corp.,* 991 F.2d 1545, 1548 (11th Cir. 1993) (citing *Int'l Ass'n of Machinists and Aerospace Workers v. Allied Products Corp.,* 786 F.2d 1561, 1564 (11th Cir. 1986)).

Here, the arbitrator entered his Opinion and Award on Harris's grievance on November 15, 2013, and retained jurisdiction over any disputes regarding the amount of Harris's back pay until February 15, 2014. According to Harris, Oak Grove failed to respond to his requests that the parties enter into negotiations to determine the amount of his back pay, but instead unilaterally issued him a check on February 28, 2014, in an amount he claims is less than what he is owed. However, neither the Union nor Harris asserted a claim against Oak Grove until Harris filed his state court action for enforcement of the Award on December 3,

2015, well more than six months after the Union's "straightforward" section 301 claim would have accrued and well more than six months after Harris's "hybrid" claim accrued. Harris's claim, therefore, is barred by the statute of limitations and is due to be dismissed. *See Samples*, 755 F.2d at 888 (dismissing Samples's claim because it was filed more than two years after the arbitration panel rendered its decision). Indeed, as previously noted, Harris has conceded that if his claim for enforcement of the Award is preempted by section 301 of the LMRA, as the court has already determined, then Oak Grove's argument that the claim is time-barred is "valid." (Doc. 6 at 2).

### III. CONCLUSION

For the reasons set forth above, the court concludes that Harris's motion to remand (doc. 8) is due to be denied and that Oak Grove's motion to dismiss (doc. 2) is due to be granted. A separate order consistent with this opinion will be entered.

**DATED** this 26th day of July, 2016.

_John E. Ott_
_____
**JOHN E. OTT**
Chief United States Magistrate Judge